UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL ARAYA,

                Petitioner,

    v.

TODD BLANCHE, et al.,

                Respondents.

Case No. C26-1171-SKV

ORDER GRANTING IN PART
PETITION FOR WRIT OF HABEAS
CORPUS

Petitioner Daniel Araya is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking release from custody. Dkt. 6. Petitioner, who is proceeding through counsel, asserts that he is entitled to release from custody because his removal is not reasonably foreseeable and his continued detention is therefore in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See id.* at 6. Petitioner seeks immediate release and injunctive relief related to third country removal and future re-detention. *See id.* at 25–26. Respondents filed a return to the petition, Dkt. 9, together with supporting declarations and excerpts from Petitioner's immigration file. *See* Dkts. 10–11. Petitioner filed a reply. *See* Dkt. 14.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 1

The Court, having considered the parties' submissions and the governing law, GRANTS in part the petition for writ of habeas corpus, ORDERS that Petitioner be released within twenty-four (24) hours of this Order on reasonable conditions of supervision, and DENIES without prejudice Petitioner's requests for injunctive relief.

## I.    BACKGROUND

Petitioner is a native and citizen of Ethiopia.  *See* Dkt. 6 at 4.  On January 23, 2025, Petitioner was detained near the southern border after entering the United States.  *See id.* at 5. He has been in custody ever since.  *See id.* at 4; Dkt. 10 at 2.  While in Mexico, before crossing into the United States, Petitioner's passport and other valuables were stolen.  *See* Dkt. 14-1 at 2.

On August 6, 2025, an Immigration Judge ("IJ") granted Petitioner's application for voluntary departure with an alternative order of removal to Ethiopia if Petitioner did not voluntarily depart the United States by September 5, 2025.[1]  *See* Dkt. 10 at 2; Dkt. 11-3. Petitioner remained in ICE custody, was unable to arrange a travel document for Ethiopia through a friend, and ultimately could not voluntarily depart the United States.  *See* Dkt. 14-1 at 2.  Both parties waived appeal, and the IJ's order became final on September 5, 2025.  *See* Dkt. 6 at 2; Dkt. 11-3 at 3.  Petitioner obtained his national identity card and a copy of his passport with the help of his family, which he provided to ICE.  *See* Dkt. 14-1 at 2; Dkt. 10 at 2.

## II.    LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals detained in "violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Yildirim v. Hermosillo,* No. C25-2696-KKE, 2026 WL 111358, at *1 (W.D. Wash. Jan. 15,

[1] In February 2025, Petitioner claimed fear of return to Ethiopia, and United States Citizenship and Immigration Services subsequently screened him and made a positive fear finding.  *See* Dkt. 10 at 2.  However, Petitioner also applied for voluntary departure, and he does not appear to challenge his removal, once arranged, to Ethiopia.  *See* Dkt. 6 at 25.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 2

2026).  "In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief," *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013), and may dispose of habeas matters "as law and justice require," 28 U.S.C. § 2243.

## III.    DISCUSSION

The Immigration and Nationality Act expressly permits detention of noncitizens who were admitted to the United States but subsequently ordered removed during immigration proceedings.  *See* 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), 1231(a).  Section 1231(a) governs the detention and release of noncitizens such as Petitioner who have been ordered removed, and it provides that the Department of Homeland Security ("DHS") is required to detain a noncitizen during the 90-day "removal period."  8 U.S.C. § 1231(a)(2).  After the removal period expires, DHS has the discretionary authority to continue to detain certain noncitizens or to release them on supervision.  *See* 8 U.S.C. § 1231(a)(6).  Although § 1231(a)(6) authorizes ICE to detain noncitizens beyond the initial 90-day window, it cannot do so indefinitely.  *See Zadvydas*, 533 U.S. at 682.

In *Zadvydas*, the Supreme Court held that § 1231(a)(6) implicitly limits a noncitizen's detention to a period reasonably necessary to bring about that individual's removal from the United States.  *See Zadvydas*, 533 U.S. at 701.  The Supreme Court determined that it is "presumptively reasonable" for DHS to detain a noncitizen for six months following entry of a final removal order while it works to remove the individual from the United States.  *Id*.  "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing."  *Id*.  If the government is unable to meet

its burden, then the noncitizen must be released from detention.  *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018).

Petitioner has been detained for eight months since his order of removal became final. He was unable to procure a replacement passport to voluntarily depart, and the identity document and copy of his passport that he provided to Respondents has, thus far, proven inadequate for Respondents to facilitate his removal.  He represents that, despite cooperating with travel document paperwork, ICE has only provided him with vague status updates that do not indicate it has made progress in removing him.  *See* Dkt. 6 at 5.  Petitioner has demonstrated that he has been detained beyond the presumptively reasonable period recognized in *Zadvydas*, and he has shown good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.

Respondents have not responded with any evidence rebutting that showing.  They simply assert that "ERO Tacoma has contacted ERO HQ with a travel document request[, and] ERO intends to remove Petitioner upon acquisition of Petitioner's physical passport or upon issuance of a travel document by Ethiopian authorities."  Dkt. 10 at 2; *see* Dkt. 9 at 7.  Petitioner's passport was stolen in Mexico.  Respondents do not reveal when the cited communication between ERO Tacoma and ERO HQ took place, what, if any, efforts have been made to communicate that request to Ethiopia, whether Ethiopia has acknowledged receipt of the request or otherwise responded, whether any challenges typically present when attempting to obtain travel documents from Ethiopia for similarly situated individuals, or how much longer Respondents anticipate needing to effectuate Petitioner's removal.  "Courts in this circuit have regularly refused to find Respondents' burden met where Respondents have offered little more than generalizations regarding the likelihood that removal will occur."  *Nguyen v. Scott*, 796 F.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 4

Supp. 3d 703, 725 (W.D. Wash. 2025) (citations omitted).  Here, Respondents indicate their intent is to remove Petitioner when feasible, but they do not point to any concrete steps taken to effectuate his removal beyond one undated, inter-office communication.  The Court therefore finds Petitioner is entitled to release.

Petitioner also seeks the following injunctive relief:  (1) "an order preventing re-detention unless the government establishes by clear and convincing evidence at a hearing before a neutral decisionmaker that Petitioner is a flight risk or a danger to the community, based on changed circumstances after . . . [his] most recent release by ICE;" (2) "an order preventing removal to a third country without notice and meaningful opportunity to respond in compliance with the statute and due process in reopened removal proceedings;" (3) "an order barring removal to any third country pursuant to Respondents' punitive removal policy[,]" Dkt. 6 at 3, and (4) an order prohibiting Respondents from re-detaining petitioner unless the Government (a) "obtains a valid travel document to Ethiopia" for Petitioner; (b) "provides the valid travel document to him and his counsel[;]" (c) "offers Petitioner the opportunity to leave on his own within two months[;]" and (d) "Petitioner does not leave[;]" and the Government "has already made concrete arrangements for him to be put on a flight to Ethiopia in the reasonably foreseeable future[,]" *id.* at 25.

There is no indication that Respondents have tried or will try to remove Petitioner to any country besides Ethiopia.  It is not clear whether Respondents have even asked Ethiopia for a travel document for Petitioner, let alone been denied or otherwise compelled to consider alternatives.  Likewise, there are no grounds to find that Respondents might re-detain Petitioner unlawfully or hold him indefinitely again.  The Court accordingly finds his requests for injunctive relief speculative, based on this record, and DENIES them without prejudice.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 5

IV.    CONCLUSION

Based on the foregoing, this Court ORDERS as follows:

(1)    Petitioner's petition for writ of habeas corpus, Dkt. 6, is GRANTED in part;

(2)    Respondents shall RELEASE Petitioner within **twenty-four (24) hours** of this Order on reasonable conditions of supervision and shall file a notice with the Court within **forty-eight (48) hours** confirming Petitioner has been released from immigration detention; and,

(3)    Petitioner's requests for injunctive relief are DENIED without prejudice.

Dated this 5th day of May, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 6